UNITED STATES DISTRICT COURT
SOUTHERN OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| In re: JAMES M. ANDERSEN<br>          Debtor | Chapter 7<br>Case No. 24-80232 |
| JAMES ALLEN, ALLAN HAYE AND ROBERT L. THOMAS<br>          Plaintiffs<br>vs.<br><br>PCF INVESTMENTS INC, ITS SUBSIDARY PCF PROPERTIES IN TEXAS LLC<br>          Defendants<br><br>vs.<br><br>JAMES M. ANDERSEN AND ELIABETH THOMAS<br>     Third Party Defendants | ADV. No. 24-08005 |

**DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AND TO HOLD ATTORNEY JOHN V. BURGER AND P.C.F. PROPERTIES IN TX, LLC IN CIVIL CONTEMPT**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN SEPTEMBER 9, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**.

The Debtor, James M. Andersen, hereby moves, pursuant to 11 U.S.C. §§ 362(a)(6) and 362(k)(1), for an Order enforcing the automatic stay against Attorney John V. Burger and P.C.F. PROPERTIES IN TX LLC. whom are non-parties of interest in this bankruptcy proceeding and have committed acts that constitute a willful violation of the automatic stay, awarding the Debtor

attorneys fees and expenses and an award of punitive damages as the court deems reasonable under the circumstances. As grounds therefore, the Debtor states as follows:

<b>IDENTIFICATION OF PARTIES<br>AND BASIS OF JURISDICTION</b>

1. The Debtor, James M. Andersen, filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code on August 12, 2024, at approx, 3:06 p.m., which has since been converted to a Chapter 7 on August 25, 2024, [Doc. 26].

2. John V. Burger is a attorney at the Barry& Sewart PLLC, law firm with a mailing address of 4151 S.W. Frwy Suite 680 Houston, TX 77027.

3. P.C.F. PROPERTIES IN TX LLC, is a non-party of interest in this bankruptcy proceeding with a mailing address of 6046 FM 2920 Spring Tx. 77379

4. The court's jurisdiction is authorized under the provisions of 28 U.S.C. §§ 1334(b) and 157(b)(1), as matters concerning the administration of the bankruptcy estate are specifically designated as "core proceedings", pursuant to 28 U.S.C. § 157(b)(2)(A).

<b>STATEMENT OF FACTS</b>

5. The Debtor Chapter 13 bankruptcy filing on August 12, 2024, was at approx 3:06 p.m, **Exhibit** 1. Pre Petition the Debtor filed on August 12, 2024, a Notice of Removal at approx. 1:20 p.m. **Exhibit 2,** removing the case styled as *James Allen, Allan Haye Robert L. Thomas v, PCF Investments Inc., its subsidiary PCF Properties in Texas LLC v. James M. Andersen and Elizabeth Thomas* allegedly from the 80th District Court, Harris County, Texas to the U.S. District Court for the Southern District of Texas: Houston into cause No. 24-cv-02999.

6. On July 15, 2024, the U.S. District Court for the Southern District of Texas: Houston referred the case to the U.S. District Court for the Southern District of Texas: Galveston as

a adversary proceeding under cause No. 24-08005.

7. On or about August 16, 2024, John V. Burger of Barry & Sewart PLLC law firm filed on behalf of the purported Defendant P.C.F. PROPERTIES IN TX. LLC, an "Objection to Notice of Removal, Motion to Remand "seeking cause No. 2020-35780 styled as *James Allen, Allan Haye Robert L. Thomas v, PCF Investments Inc., its subsidiary PCF Properties in Texas LLC v. James M. Andersen and Elizabeth Thomas* to remanded to the 80th District Court. Despite fact that this case not longer pending in 80th District Court.

8. Mr. Burger filed the Motion to Remand on behalf of P.C.F. PROPERTIES IN TX. LLC, whom is not named as a party or defendant in cause No. 2020-35780, having been effectively non-suited by trial court on February 18, 2019, having filed no counter claims or sough any affirmative relief prior too.

9. The defendants named in the 80th District Court, lawsuit were P*CF Investments Inc., its subsidiary PCF Properties in Texas LLC* while the sole defendant named on a April 19, 2023, judgment is *PCF Properties in Texas LLC*.

10. Instead Mr. Burger has been fraudulently attempting to reinstate Non-Suited P.C.F. PROPERTIES IN TX. LLC back into the case by litigating thru the Defendant *PCF Properties in Texas LLC,* under the false pretense that these two entities are one and the same when in fact they are not.

11. For Example :**PLEASE TAKE NOTICE**: of Burger Notice of hearing a snapshot is reproduced below:

> PCF PROPERTIES IN TEXAS, LLC,  §
> Et al.                                                        §
>         Defendants.                                  §
>
> NOTICE OF ORAL HEARING
>
> You are hereby notified that the preliminary hearing DEFENDANT, P.C.F. PROPERTIES IN TX, LLC'S   OBJECTION TO NOTICE OF REMOVAL, MOTION TO REMAND AND

12. What Mr. Burger does is assert the *correct* name of the defendant in the Caption of the case as **PCF PROPERTIES IN TEXAS LLC,** and in his pleading relief is sought instead for Non-Party **P.C.F. PROPERTIES IN TX., LLC.**

13. Non-suited **P.C.F. PROPERTIES IN TX., LLC.** is a **Texas limited liability company** and the Defendant PCF PROPERTIES IN TEXAS LLC**,** is *not* a **Texas limited liability company**, these two similar named entities are unrelated separate and distinct are not one and the same.

14. The name of the Defendant formerly in the 80th District court case is *PCF Investments Inc., its subsidiary PCF Properties in Texas LLC*.

15. On July 12, 2024 Mr., Burger received notice of the Debtor July 12, 2024, bankruptcy and that the automatic bankruptcy stay applied staying all further matters in the case under 11 U.S.C. § 362(a).

16. On July 12, 2024, Mr., Burger received notice that Notice of Removal was filed pre-petition of the Debtor bankruptcy petition on July 12, 2024, as such is stayed

17. John V. Burger of Barry & Sewart PLLC law firm never filed a Motion before this court to lift the stay to continue litigation in the pre-petition Adversary Proceedings.

18. Notwithstanding being notified directly by the Debtor of his bankruptcy filing on July 12, 2024, Mr. Burger on behalf of Non-Party P.C.F. PROPERTIES IN TX, LLC, continues the commencement or continuation, of process, of a judicial, , or other action or proceeding against the [D]ebtor that was or could have been commenced before the commencement of the [Debtor's case].

19. Despite the fact that Non-Party P.C.F. PROPERTIES IN TX LLC is not named as a party to the action or proceeding that were pending in the 80th District Court Mr. Burger

     filed Pleadings before this court seeking to continued the commencement or continuation, of process, of a judicial, , or other action or proceeding against the [D]ebtor in willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1);

20. Non-Party P.C.F. PROPERTIES IN TX LLC, is not a creditor of the debtor and is a complete stranger to these bankruptcy proceedings.

## BASIS FOR RELIEF REQUESTED

21. Pursuant to section 362 of the Bankruptcy Code, the commencement of this chapter 13 converted to a Chapter 7 case operated as an immediate stay applicable to all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all governmental units (and all those acting for or on their behalf) of, among other things: "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the [D]ebtor that was or could have been commenced before the commencement of the [Debtor's chapter 13 case], or to recover a claim against the [D]ebtor that arose before the commencement of the [Debtor's chapter 13 case]; (2) the enforcement, against the [D]ebtor or against property of the estate, of a judgment obtained before the commencement of the [Debtor's chapter 13 case]; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [or] . . . .(6) any act to collect, assess, or recover a claim against the [D]ebtor that arose before the commencement of the [Debtor's chapter 13 case]. See 11 U.S.C. § 362(a)(1)-(3), (6).

22. The injunction contained in section 362 of the Bankruptcy Code is self-executing, *Campbell v. Countrywide Home Loans, Inc*., 545 F.3d 348, 355 (5th Cir. 2008), and

constitutes a fundamental debtor protection that, together with other provisions of the Bankruptcy Code, provides a debtor with a "breathing spell" that is essential to a successful chapter 13 or 7 process. *Halo Wireless, Inc. v. Alenco Commc'ns, Inc.* (*In re Halo Wireless, Inc*.), 684 F.3d 581, 586 (5th Cir. 2012) (internal quotations omitted); *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.* (In re S.I. Acquisition, Inc.), 817 F.2d 1142, 1146 (5th Cir. 1987); see also *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Pro*t., 474 U.S. 494, 503 (1986) ("The automatic stay provision of the Bankruptcy Code, § 362(a), has been described as one of the fundamental debtor protections provided by the bankruptcy laws." (citation and internal quotation marks omitted)).

23. MR. Burger and P.C.F. PROPERTIES IN TX LLC, seek to continue the commencement or continuation, of process, of a judicial, , or other action or proceeding against the debtor that arose before the commencement of the case" within the meaning of 11 U.S.C. § 362(a)(6)

24. With respect to the "willfulness" requirement under 11 U.S.C. § 362(k)(1), a violation of the automatic stay will be deemed to be "willful", if the party knew of the bankruptcy case and acted intentionally in such a way that the stay was violated.

25. The actions taken by the Mr. Burger on behalf of Non-Party P.C.F. PROPERTIES IN TX LLC, in seeking to continue the commencement or continuation, of process, of a judicial, , or other action or proceeding against the [D]ebtor even after being notified through the submission of the Suggestion of Bankruptcy demonstrate that Burger knew or had reason to know that the Debtor was in the midst of a Chapter 13 bankruptcy case at the time its Motion to Remand was filed to continue the commencement or

continuation, of process, of a judicial, , or other action or proceeding against the [D]ebtor were carried out.

26. The violation of the provisions of 11 U.S.C. § 362(a)(6) by a Non-Creditor in this case was clearly done "willfully" if not intentionally by Mr. Burger on behalf a Non- Creditor P.C.F. PROPERTIES IN TX LLC, whom not only received notice of the bankruptcy filing by the Debtor, but also explicitly referenced the bankruptcy filing in the court pleadings by unmaking objections to co-debtors stay.

27. As a result of John V. Burger a attorney at the Barry& Sewart PLLC and P.C.F. PROPERTIES IN TX, LLC, violation of the automatic stay, the Debtor has been denied a much need "breathing spell" and has suffered substantial emotion distress depression and anxiety at a particularly vulnerable time when the Debtor was suffering a financial loss due to property damage of his home as the result of hurricane Beryl.

**WHEREFORE**, the Debtors request, pursuant to 11 U.S.C. §§ 362(a)(6) and 362(k)(1), that the Court issue an Order:

1. Finding that John V. Burger , Barry& Sewart PLLC and P.C.F. PROPERTIES IN TX, LLC, willfully violated the provisions of 11 U.S.C. § 362(a)(6);

2. Awarding the Debtor his actual damages, including damages for the emotional distress caused by John V. Burger , Barry& Sewart PLLC and P.C.F. PROPERTIES IN TX, LLC., whom seek to to continue the commencement or continuation, of process, of a judicial, , or other action or proceeding against the debtor that arose before the commencement of the case" within the meaning of 11 U.S.C. § 362(a)(6)

3. Awarding the Debtor individually and attorneys' fees and costs in an amount to be determined by the court for the prosecution of this proceeding;

4. Awarding the Debtor punitive damages against John V. Burger , Barry& Sewart PLLC and P.C.F. PROPERTIES IN TX, LLC., in an amount the court deems appropriate under the circumstances; and

5. For such other and further relief as the court deems just and proper

Respectfully submitted,

/s/ James M. Andersen
James M, Andersen
Attorney At Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (218)488-2800
Fax. (281)480-4851

## CERTIFICATE OF SERVICE

I., hereby certify that I have this day served a copy of the Emergency Motion of the Debtor to Enforce the Automatic Stay upon on persons listed below, via electronic mail on the CM/ECF system and via the United States Postal Service regular mail upon:

Persons served:

Via: the CM/ECF system
John V. Burger
Barry& Sewart PLLC,
4151 S.W. Frwy Suite 680
Houston, TX 77027

Via United States Postal Service
P.C.F. PROPERTIES IN TX LLC
6046 FM 2920
Spring Tx. 77379

/s/ James M. Andersen

# EXHIBIT 1

United States Bankruptcy Court
Southern District of Texas

# Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 08/12/2024 at 3:06 PM and filed on 08/12/2024.

**James Michael Andersen**
1609 Milam Street
La Marque, Tx 77568
SSN / ITIN: xxx-xx-8554

The case was filed by the debtor's attorney:

**James Michael Andersen**
Attorney at Law
17041 El Camino Real
Ste 204
Houston, TX 77058
281-488-2800

The bankruptcy trustee is:

**Tiffany D Castro**
Office of Chapter 13 Trustee
9821 Katy Freeway
Ste 590
Houston, TX 77024
713-722-1200

The case was assigned case number 24-80232 to Judge Alfredo R Perez.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States Bankruptcy Court, 601 Rosenberg St, Rm 411, Galveston, TX 77550.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Nathan Ochsner**
Clerk, U.S. Bankruptcy Court

| **PACER Service Center** |
|---|
| **Transaction Receipt** |
| 08/12/2024 15:24:23 |

| PACER Login: | jmanderse4625 | Client Code: | |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 24-80232 |
| Billable Pages: | 1 | Cost: | 0.10 |

# EXHIBIT 2

 Gmail	legal assistant <jandersenlegalassistant@gmail.com>

## Fwd: Activity in Case 4:24-cv-02999 Andersen v. Haye et al Notice of Removal
1 message

**james andersen** <jandersen.law@gmail.com>	Wed, Aug 21, 2024 at 12:14 PM
To: legal assistant <jandersenlegalassistant@gmail.com>

See below   JA
---------- Forwarded message ---------
From: <DCECF_LiveDB@txs.uscourts.gov>
Date: Mon, Aug 12, 2024 at 1:25 PM
Subject: Activity in Case 4:24-cv-02999 Andersen v. Haye et al Notice of Removal
To: <DC_Notices@txsd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

SOUTHERN DISTRICT OF TEXAS

### Notice of Electronic Filing

The following transaction was entered by Andersen, James on 8/12/2024 at 1:24 PM CDT and filed on 8/12/2024
**Case Name:**      Andersen v. Haye et al
**Case Number:**    4:24-cv-02999
**Filer:**          James Michael Andersen
**Document Number:** 1

**Docket Text:**
**NOTICE OF REMOVAL from 80th District Court, case number 2020-35780 () filed by James Michael Andersen. (Andersen, James)**

**4:24-cv-02999 Notice has been electronically mailed to:**

James Michael Andersen &nbsp &nbsp jandersen.law@gmail.com

**4:24-cv-02999 Notice has not been electronically mailed to:**

PCF Investments Inc
2711 Centerville Road
Wilmington, DE

Allan Armando Haye
536 East 6 Street
NY, NY 10009
NY

James Michael Andersen
P. O. Box 58554

Webster, Tx 77598
Galvenston

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=8/12/2024] [FileNumber=42038967-0] [3c85bc4d1d5035a7380e6b3b8fcf6550b8dcccaf4ecb9ac8b5964417d85f2ba6a6741856dafe2796496ccd8f4778a5ed3938deb5bad50e261dbc5545c3745fc4]]