**UNITED STATES DISTRICT COURT**
**SOUTHERN OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re: JAMES  M. ANDERSEN**<br>         **Debtor** | **Case No. 24-80232**<br>  **Chapter 7** |
| **JAMES M. ANDERSEN  et al,**<br>              *Plaintiffs* | . |
| vs. | |
| **PCF INVESTMENTS INC ITS SUBSIDARY**<br>**PCF PROPERTIES IN TEXAS LLC.**<br>             *Defendants* | |

**OBJECTION TO NON-PARTY P.C.F. PROPERTIES IN TX LLC.**
**OBJECTION TO AN ORDER LIFTING THE STAY**

TO: THE HONORBALE JUDGE ALFREDO R. PEREZ U.S.B.J.

COMES NOW, Debtor James M. Andersen, then Co-Debtor Elizabeth Thomas and Creditor PCF Properties in Texas LLC., ("collectively the Movants"") files this objection to Non-Party **P.C.F.** PROPERTIES IN TX LLC., "Objection to the Movants Motion to Lift the Stay" [Doc. 14],  and moves the court to prohibited any further filing seeking any relief or being heard in this bankruptcy proceeding and its Objection raises the same issues already heard and decided by the Honorable Jeffrey P, Norman U.S.B.J., when Non-**P.C.F** sought the Court to vacate its own which granted a joint motion to lift stay for the same said pending appeal which was denied as they are  not the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee as such lacks standing and  Judge Norman also ruled that he maintains jurisdiction to enforce his order for cause shows the court as follows:

**BACKGROUND FACTS**

1   On or about February 0, 2024Elizabeth Thomas filed a Voluntary Chapter 13 Petition  in

the U.S. Bankruptcy   Court for the Southern District Texas: Houston Division case No.  23-34971 (JPN), invoking the  bankruptcy automatic stay of the Bankruptcy Code Section 362.

2.    On February 15, 2024, Movant, James M. Andersen, debtor Elizabeth Thomas, co-debtors James Allen, Allan Haye, Robert L. Thomas and the Judgment Creditor PCF Investments Inc., a/k/a/ PCF Properties in Texas LLC., filed an agreed to Motion to Lift the Stay to Appeal in the U.S. District Court of Delaware under case No. 23-CV-01047. *See:* **Exhibit** 1.

3.  On October 23, 2023, Judge Christopher J. Burke U.D.S.J., in the U.S. Federal District Court of Delaware issued a mediation order Pursuant to Court's July 19, 2023, Standing Order regarding procedures governing mediation of all appeals from the United States Bankruptcy Court for the District of Delaware. *See:* **Exhibit** 2, for which the parties seeks to finalize.

4.  On February 16, 2024, the Honorable Judge Jeffrey P, Norman U.S.B.J., granted the Motion and lifted the stay.  *See:* **Exhibit** 3.

5.    On February 16, 2024, John V. Burger of the Barry & Sewart PLLC., filed a "Motion to Vacate and/or Reconsider Agreed Order Granting Relief from Automatic Stay" on behalf of Non-Party P.C.F. PROPERTIES IN TX LLC.. seeking to litigate matters pending before the federal district court, regarding the Removed state court case, settlement agreements and others orders entered in the state court case after removal . *See:* **Exhibit** 4.

6.    On March 7, 2024, the Movant James M .Andersen, Co-Debtors Elizabeth Thomas, James Allen, Allan Haye , Robert L. Thomas and Judgment Creditor PCF Properties in Texas LLC., filed a response and argued with supporting evidence before  Court that Non-Party P.C.F. PROPERTIES IN TX LLC.., is not even named as a party to the U.S. Federal District Court of Delaware appeal or a party to the  Adversary proceeding in United States Bankruptcy Court for the District of Delaware  subject to said appeal. *See:* **Exhibit** 5.

7.    On March 14, 2023, the Honorable Jeffrey P, Norman U.S.B.J., held an evidentiary hearing and thereinafter merely modified his February 16, 2024, order with Debtor Thomas consent only to the extent to clarify that the court never approved a settlement agreement all other relief was denied. *See:* **Exhibit** 6. Judge Norman maintain jurisdiction to enforce his order.

6.    **This Bankruptcy Case**: On August 16, 2024,, the Debtor, Co-Debtor Elizabeth Thomas and Judgment Creditor filed a "Agreed to Expedited Motion to Lift the Stay" as to the appeal pending in U.S. Court of Appeals in the Third Circuit styled as *Elizabeth Thomas vs. PCF Investments' Inc a/k/a PCF Properties in Texas LLC.,* [Doc. 13].

7.    On August 16, 2024, John V. Burger filed an "Objection" [ Doc. 14], to the Motion to Lift the Stay, again alleging that Non-Party P.C.F. PROEPRTIES IN TX., LLC., was the judgment creditor and refilled all the of the same issues that have already been litigated and resolve by the by Jude Norman.

8.    The Movants jointly seeks to incorporation by reference there March 7, 2024, response to Mr. Burger August 16, 2024, "Motion to Vacate and/or Reconsider Agreed Order Granting Relief from Automatic Stay" with this response to August 16, 2024, Objection filed before this court as these issues have already been resolved and Judge Norman ruled that he maintains jurisdiction to enforce his order.

A. **NON-PARTY P.C.F. PROPERTIES IN TX LLC, IS NOT NAMED AS PARTY TO THE DELAWARE BANKRUPCTY PROCEEDINGS OR U.S. DISTRICT COURT APPEAL OR THE APPEAL PENDING IN THE U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT.**

9.    **P..C.F.**. PROPERTIES IN TX LLC., has filed a Objection before this Court seeking affirmative relief in that the court to deny the Movants Motion to lift the stay [Doc.14], so as then Co- Debtor, Elizabeth Thomas and judgment creditor PCF Properties in Texas LLC, can

pursue remedies in a pending appeal in the U.S. Court of Appeals for the Third Circuit on the grounds that (i)) there is no agreement with **P..C.F.**. PROPERTIES IN TX LLC.,(ii) there is no agreement with the Movant (iii) Debtor, Co-Debtors and Judgment Creditor are  Misleading the Court (iv) the involuntary bankruptcy was an attempt to Stay the Litigation (v)  Many, Lawsuits Filed by or on behalf of Elizabeth Thomas (vi) Movant Finally Evicted Debtor on August 15, 2023 and (vii)  Elizabeth Thomas sand James M. Andersen have been declared vexatious litigants.

10.     However Non-Party **P..C.F.**. PROPERTIES IN TX LLC, has never been named as Debtor or Creditor in the Chapter 7 bankruptcy petition filed on March 30, 2023, ("Petition Date") in the U.S. Bankruptcy Court cause No. 23-10378-(TMH), or named as party in the adversary proceedings ("Notice of Removal), or party in the pending appeal in the U.S. District Court of Delaware of the bankruptcy court August 30, 2023 orders or to the appeal pending in the U.S. Court of Appeals for the Third Circuit.

11.     It appears from Non-Party **P..C.F.**. PROPERTIES IN TX LLC, pleading that they are seeking to litigate the issues stemming from prior judgment pending before the U.S. Court of Appeals for the Third Circuit before this court despite that fact that they are not named as party of record or to any of judgments. See  *In re Leaf Tobacco Bd. of Trade of N.Y*., 222 U.S. 578, 581 (1911) (per curiam) ("One who is not a party to a record and judgment is not entitled to appeal there from.").

12.  Moreover Debtor Thomas filed a Notice of Appeal to the U.S. Court of Appeals for the Third Circuit from all priors orders  from the  August 30, 2023 bankruptcy court an appealable order divests the lower court of jurisdiction over issues related to the appeal."); ; *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify  appealed order).

B. **P.C.F. PROPERTIES IN TX LLC, IS NOT NAMED AS PARTY TO THE STATE COURT ACTION FORMERLY IN THE 80TH DISTRICT COURT HARRIS COUNTY, TEXAS STATE COURT CASE.**

13.     Since June of 2023, Courts have ruled and Clerks of Courts have advised John V. Burger and the Barry & Sewart PLLC., law firm that because P.C.F. PROPERTIES IN TX LLC., is not named as a party of record or named as party to the underlying judgment as such are not a party to the appeal in the First Court of Appeals challenging the 80th District Court August 19, 2023 judgment as follows:

14.     On February 18, 2019, the 80th District Court signed the Plaintiffs James Allen, Allan Haye and Robert L Thomas, non-suit order non-suiting any and all claims against P.C.F. PROPERTIES IN TX LLC, thereby removing them as the defendant in lawsuit as they had filed no counter-claims or sought any affirmative relief prior to. **Ex**.7.

16.     The purpose of the non-suit was to cure any discrepancies or ambiguities as the defendant in the case again P.C.F. PROPERTIES IN TX LLC., is a Texas limited liability company and Defendant PCF Properties in Texas LLC, which is **_not_** a Texas limited liability company. These two similar named entities are unrelated separate and distinct entities.

17.     On March 30, 2023, Plaintiffs James Allen, Allan Haye and Robert L Thomas amended petition (the "Live Pleadings") and parties before the 80th District Court, Harris County Texas in the case styled as *James Allen, Robert L. Thomas, and Allan Haye v. PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC vs. Elizabeth Thomas, James M. Andersen,* under cause No. 2020-35780.: **Ex**. 8.

18.     On April 19, 2023, while *PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC,* was subject to the March 30, 2023 bankruptcy stay in the Bankruptcy Court in Delaware the 80th District Court granted *PCF Properties in Texas LLC.,* Motion for summary

judgment on its counter-claims for declaratory judgment, quiet title and trespass to try title against James Allen however the order includes Allan Haye, Robert L. Thomas, James M. Andersen and Elizabeth Thomas. [Parent PCF Investment Inc was omitted from order.  **Ex.** 9.

1. **Harris County District Clerk Marilyn Burgess CERTIFIES THAT P.C.F. PROPERTIES IN TX LLC is Not the Appellee of Record on Appeal**.

19.     On May,4, 2023,  Elizabeth Thomas,(the "Appellant"), timely filed a notice of appeal from  the trial court's April 19, 2023 final judgment in favor of Appellee  PCF Properties in Texas LLC. [James Allen, Allan Haye, Robert Thomas, and James Andersen also later filed notice of appeals]. **Ex 10**.

20..     On June 16, 2023, Harris County District Clerk Marilyn Burgess Deputy Clerk Angela Cedillo filed a certified copy of trial court record for the 80th District Court with the Clerk of the First Court of Appeals at Houston and swore under their oath that the Appellees in the underlying appeal is PCF *Investments Inc., its subsidiary PCF Properties in Texas LLC*. **Ex.** 11.

2. **The Justices of the First Court of Appeals of Houston has Ruled P.C.F. PROPERTIES IN TX LLC is not named as a Party of Record in  the Underlying 80th District Court Case.**

21.     The Justices of the First Court of Appeals of Houston has issued two (2) *per curiam* orders which clearly evidences that Non-suited P.C.F. PROPERTIES IN TX LLC, is not named as a party of record or a party to the underlying case under cause No. 2020-35780, in the 80th District Court of Harris County, Texas.  On June 1, 2023, the First Court of Appeals, of Houston Texas  issued a *per curiam*  decision in the case  styled as *James Allen, Allan Haye, Robert L. Thomas and James M. Andersen ("Relators") under cause No. 01-23-00226-CV* which in pertinent part ordered that the parties to the underlying case are:  *James Allen, Robert L. Thomas, and Allan Haye v. PCF Properties in Texas, LLC v. Elizabeth Thomas, James M. Andersen, and JPMorgan Chase Bank, N.A.*, Cause  No. 2020-35780, in the 80th District Court of  Harris

County, Texas. . *See*: **Ex** 12.

22.     On September 26, 2023, the First Court of Appeals, of Houston Texas issued a ***per curiam* order** in the case styled as In re Jasmine Jarbis *("Relators") under cause No. 01-23-00678-CV* denying her writ of mandamus as she is not named as a party of record and ordered the parties to the underlying case are *James Allen, Robert L. Thomas, and Allan Haye v.* **PCF Properties in Texas, LLC** *v. Elizabeth Thomas, James M. Andersen, and JPMorgan Chase Bank, N.A.*, Cause  No. 2020-35780, in the 80th  District Court of  Harris County, Texas. *See*: **Ex** 13.

### 3.  The Clerks of the First Court of Appeals

23.     The Clerks of the First Court of Appeals have consistently held that there is **_not a party_** by  the name of P.C.F. PROPERTIES IN TX LLC  associated with the appeal under cause No. 01-23-00331-CV, and the parties should refer to the court's docket for the designated parties to the appeal and the courts certificate of services which confirms services of filings are **_only_** upon those parties associated with the case i.e., Associated Case Party: PCF Investment Inc., Its Subsidiary PCF Properties LLC.  **Ex. 14.**

24.     Additionally the Clerks of the First Court of Appeals of Houston confirmed that they have recognized that there is a distinct unrelated separateness between the two similar named entities P.C.F. PROPERTIES IN TX LLC., a Texas limited liability company and the Appellee *PCF Properties in Texas LLC,* whom is **_not_** a Texas limited liability company [managing member Omar Perez].  All appeals related to P.C.F. PROPERTIES IN TX LLC, is docketed **_in all caps_** and with the **_dots_**, proceeding each letter i.e. **P.C.F.**  as its the dots and all caps is what separates  the two similar named entities.  **Ex.** 15**.**

### 4.  *Judge  of the Eleventh Administrative Judicial Region of Texas P.C.F. PROPERTIES IN TX LLC is not named as a Party to the Underlying 80th District Court Case.*

25.   In June of 2023, *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and*

*James M. Andersen* filed a "Motion to Recuse" the judge in the 80th District Court for setting

hearings on motions filed by John V. Burger on behalf of Non-suited P.C.F. PROPERTIES IN

TX LLC., as means to attempt to reinstate Non-Suited P.C.F. PROPERTIES IN TX. LLC, back

into the lawsuit more than 90 days after the April 19, 2023, judgment by merely changing the

caption of the case.

26.     The court denied the recusal and the Motion was sent to Honorable Administrative

Judge Susan Brown.  On June 15, 2023, the Honorable Administrative Judge Susan Brown of the

Eleventh  Administrative  Judicial  Region  of  Texas,  denied  the  motion  to  recuse  but  the

administrative court issued a memo and confirmed that the parties in the 80thDistrict Court under

cause No. 2020-35780 are:  *James Allen, et al vs PCF Investments Inc., et al vs Elizabeth

Thomas et al.* **Ex.** 16.

27.     Of significance is the fact that Judgment Creditor PCF *Properties in Texas, LLC a/k/a

PCF Properties in Tx, LLC.,* is a Colorado limited liability company, that happens to have a

similar name to P.C.F. PROPERTIES IN TX, LLC., a Texas limited liability company however

these two entities are unrelated separate and distinct they are not one and the same as confirmed

by Mr. Burger.

28.     Mr. Burger himself on March 14, 2024, testified before the Honorable Judge Jeffrey P.

Norman U.S.B.J, of the U.S. Bankruptcy Court Southern District of Texas  at a hearing  held in

the case styled as <u>*In re Elizabeth Thomas*</u> case No. 23-34971, on its, Motion to Vacate a pervious

granted lift of the stay.

29.     The court began hearing by determining if there was a connection between Non-Suited

**P.C.F.** PROPERTIES IN TEXAS LLC and Respondent **PCF** Properties in Texas LLC., some

relevant portion of the hearing is reproduce below:

**THE COURT**: Let me return to the Thomas case, which is 23-34971.  Ms. Thomas  is on the line now. I see her. Mr. Burger is here. I see him.

All right. Mr. Burger, I'm going to let you argue your motion. I think I have an understanding of what's going on, and I just want to make sure that I understand this. Let me just do this real quick. There is various PCF Properties in Texas, LLC. That's your client, correct?

**MR. BURGER**:  No, P.C.F. Properties in TX, LLC is my client.

**COURT**:          Okay, and I'm sorry. I didn't write that correctly. P.C.F. Properties in TX, LLC is your client?

**MR. BURGER**: That's correct, Your Honor.

**THE COURT**: And there also is a PCF Properties in Texas, LLC, very similar name, but not related to your client.  Is that correct?

**MR. BURGER**: That is correct.

**THE COURT**:  Okay, is there any connection between those two companies at all other than their names are eerily similar?

**MR. BURGER**:   No, Your Honor. See, what happened was it was by way of background. See: **Exhibit**  17 at  Pgs. 4 and 5

30.    Burger also made a judicial admission before the bankruptcy court that he does not

represent the PCF Properties in Texas, LLC.

**THE COURT**: --    in just a second, okay? So, James Anderson is a lawyer represents apparently the other PCF Investment, the other similarly named corporation; is that correct?

**MR. BURGER**:          No, I believe the person who represents the similarly named company is somebody by the name of Azalea Spiders (phonetic) See: **Exhibit** 17 at Pgs 7 and 8.

**THE COURT**:          M. Anderson is the Movant, Elizabeth Thomas is the Debtor, Co-Debtors are James Allen, Allen Hay, and Robert L. Thomas, and Judgment Creditor, PCF Properties in TX, LLC, all right? You've made an appearance in that.

You're not a named party, correct?

**MR. BURGER**:          That's correct. See: **Exhibit** 17 at Pg 8.

**THE COURT**:         All right. So, tell me why I should vacate my order lifting the stay.

31.   On March 14, 2024, the Honorable Jeffrey P, Norman U.S.B.J., found that Non-Party P.C.F. PROPERTIES IN TX., LLC, was not named as a party to Texas State Court Action or to the appeals pending in Federal Court. Nor is  Non-Party P.C.F. PROPERTIES IN TX., LLC,  a "party of interest" as they are not  a  debtor, the <u>trustee</u>, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture <u>trustee</u>, with standing to raise and/or  may appear be heard on any issue in a case.

## ARGUMENT AND AUTHORIES

A.   **P.C.F.  PROPERTIES  IN  TX  LLC**, **lacks _Section  1109(b)'s "Party  in  Interest"_ _Standing._**

The Supreme Court has repeatedly recognized that before a federal court can exercise its judicial power over any dispute, there must be a justiciable case or controversy as required by Article III. _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 590 (1992); _Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc_., 528 U.S. 167, 212 (2000) ; _Allen v. Wright_, 468 U.S. 737, 751 (1984).  Courts use standing to determine whether a party has a protected interest in the matter and is entitled to be **_heard_** on particular issues.  _Elk Grove Unified Sch. Dist. V. Newdow,_ 542 U.S. 1 (2004) (quoting _Warth v. Seldin_, 422 U.S. 490, 498 (1975). In all federal cases, including **_bankruptcy proceedings_**, parties must satisfy Article III standing requirements. Constitutional standing has three elements: (i) the plaintiff must have sustained an "injury in fact," that is "concrete," "distinct and palpable", and "actual or imminent" _Whitmore v. Arkansas_, 495 U.S. 149, 155 (1990);  (ii) the injury must be traceable to the defendant's action, (i.e., there must be a causal connection between the two); and (iii) a ruling in favor of the plaintiff will likely redress the injury. _19 Court Street Assocs., LLC v. Resolution Trust Corp_. (_In

*re 19 Court Street Assocs., LLC*) 190 B.R. 983, 991 (Bailiff. S.D.N.Y. 1996) (citing *Lujan v.*
*Defenders of Wildlife*, 504 U.S. 555, 560-561, (1992)).

Here P.C.F. PROPERTIES IN TX LLC has failed to satisfy Article III standing
requirements to be entitled to be ***heard*** or object to Court granting the Debtor, Co-Debtors and
Creditor Agreed to Motion Lifting the Stay to continue with an appeal pending in the U.S.
District Court of Delaware. P.C.F. PROPERTIES IN TX LLC, is not named as a party to the
Delaware Bankruptcy proceeding or August 30, 2023, orders subject to appeal, **P.C.F**., has not
demonstrated before the court how they have sustained an "injury in fact," that is "concrete,"
"distinct and palpable", and "actual or imminent in regard to the bankruptcy appeal. **P.C.F.,** has
not shown an injury traceable to the debtor,  co-debtor' or creditor actions, (i.e., there must be a
causal connection between the two.). Any decision from U.S. Court of Appeals for the Third
Circuit would not be binding on Non-Party P.C.F. PROPERTIES IN TX LLC, as they are not
named as a party to those proceeding.  Nor **P.C.F.,** has not shown how a ruling from this Court
denying the agreed to Motion to lift the stay to proceed in the appeal in their favor will likely
redress the injury. **P.C.F**., has not even shown the Court how they have a protected interest in the
matter or issues  pending  appeal in the U.S. Court of Appeals for the Third Circuit for which
they are not even named as a party to be entitled to be heard before this Court.

P.C.F. PROPERTIES IN TX LLC, has filed a "Objection" which seeks affirmative relief
from this Court as they ***object*** to the granting of the Debtor, Co-Debtors and Creditor Agreed to
Motion Lifting Stay to a appeal pending in the U.S. Court of Appeals for the Third Circuit.

Debtor Co-Debtors and Creditor argue that P.C.F. PROPERTIES IN TX LLC, lacks standing
to raise an object or to be heard in this bankruptcy proceeding. Standing in bankruptcy cases is

governed by section 1109(b) of the Bankruptcy Code since courts have found that section 1109(b) and Article III are effectively coextensive.

Here P.C.F. PROPERTIES IN TX LLC,, lacks standing to file any, sort of, objection Motion Lifting the Stay  or pleadings in this bankruptcy court or proceedings.  P.C.F.is not a "party in interest", as a  debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, with standing to raise and/or  may appear be heard on any issue in a case under this chapter.  *See*:  11 U.S. Code § 1109(b).  Standing in bankruptcy cases is governed by section 1109(b) of the Bankruptcy Code since courts have found that section 1109(b) and Article III are effectively coextensive. Section 1109(b) provides that "a party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter.  11 U.S.C. §1109(b);  A "party in interest" is determine by whether a party has a legally protected interest that could be affected by a bankruptcy proceeding by showing  an  Article III injury-in-fact requirement and section 1109(b). A "Party in interest" under the Bankruptcy Code "'is generally understood to include all persons whose pecuniary interests are, directly affected by the bankruptcy proceedings.'" In re Alpex Computer Corp., 71 F.3d 353, 356 (10th Cir. 1995) (quoting Yadkin Valley Bank & Trust Co. v.  McGee (In re Hutchinson),  5 F.3d 750, 756 (4th Cir. 1993) (citations omitted)).

The  burden  to  establish  standing  is  on  the  party  seeking  to  be  heard  by  the  court.  See *Summers v. Earth Island Inst*., 555 U.S. 488, 4983 (2009).  Here P.C.F. PROPERTIES IN TX LLC.,  has failed to meet Article III injury-in-fact requirement and section 1109(b), as there is no evidence before the Court demonstrating what legally protected interest P.C.F. PROPERTIES IN TX LLC.,  has in  the appeal  pending in the U.S. Court of Appeals for the Third Circuit or how P.C.F. PROPERTIES IN TX LLC.,  could be affected by the proceeding by showing the Article

III injury-in-fact requirement and section 1109(b).  As they are not named as parties to pending

appeal as such no decision rendered by the U.S. Court of Appeals for the Third Circuit would be

binding on Non-Party P.C.F. PROPERTIES IN TX LLC.

## CONCLUSION

   **WHEREFORE,** For the foregoing reasons Debtor James M. Andersen, and Co-Debtors

Elizabeth Thomas prays that because P.C.F. PROPERTIES IN TX LLC., lacks standing as

detailed above under both Article III Standing and Section 1109(b)'s "Party in Interest"

Standing to be heard or object to this Courts lifting the stay of  the appeal pending in the U.S.

Court of Appeals for the Third Circuit its Objection Motion must be denied including as a matter

of law  and  such further relief this court deem proper and just.


                                        Respectfully submitted

                                        /s/James M. Andersen
                                        James M. Andersen
                                        Attorney at Law
                                        Texas State Bar No. 01165850
                                        SBN: 20144
                                        P. O. Box 58554
                                        Webster, Texas 77598-8554
                                        Tel. (281)488-2800
                                        Fax. (281)480-4851
                                        E-Mail:jandersen.law@gmail.com

                                        /s/ Elizabeth Thomas
                                        Elizabeth Thomas Pro, Se
                                        712 H Street NE #2487
                                        Washington DC 20002
                                        elizthomas234@gmail.com

**Certificate of Service**

A copy of this Response and objections was served on counsel of record for the Non-Party P.C.F. PROPERTIES IN TX LLC on September 5, 2024  , via by EFC-filing system

/s/James M. Andersen

## AMENDED CREDITORS  MATRIX

Associated Credit Union
P.O. Box  9004
League   Tx. 77574


CitiVards CBNA
5800 South Corporation Place
Sioux Falls  SD. 57108

Irelean McDaniel
2520 Caroline St.
Houston Tx 77004

Peckar & Abramson P.C.
1717 West Loop South,
Houston  Tx. 90024

SAFCO
P.O. Box 947610
Atlanta, GA 3094-7610

TAB/Sunbit
10940 Wilshire Blvd.
Los Angeles  CA. 90024